IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SKYE ARCHAMBAULT,

                                                                                                     ORDER

                    Petitioner,

           v.                                                      07-cr-159-bbc
                                                                            16-cv-465-bbc

UNITED STATES OF AMERICA,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 16, 2016, petitioner Skye Archambault filed a motion for permission to file a successive petition under 28 U.S.C. § 2255 under Johnson v. United States, 135 S. Ct. 2551 (2015), contending that she was entitled to resentencing under that case. In an order entered on May 17, 2016, I denied the motion because I determined that she did not have a claim under 28 U.S.C. § 2255. As I explained in that order, her sentence for armed bank robbery and use of a firearm in furtherance of a crime of violence was not increased under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), the clause at issue in Johnson, or under any other provision of the law.

Now, petitioner has filed a motion under 28 U.S.C. § 2255, again contending that she should be resentenced in light of Johnson. Nothing has changed since the order entered on May 17, 2016, so defendant's motion is DENIED.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must

1

issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider her request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma pauperis</u>.

ORDER

IT IS ORDERED that petitioner Skye Archambault's motion under 28 U.S.C. § 2255 is DENIED as being without merit. Further, IT IS ORDERED that no certificate of

appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 7th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge